■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL GOGGANS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 15, 1988, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At the hearing held in connection with that branch of the defendant's omnibus motion which was to suppress evidence, a police officer testified that on November 10, 1987, he observed the defendant standing next to the passenger side of an automobile which was stopped in the middle of a road. The officer testified that as he approached to within eight feet of the defendant, he observed the defendant reach into a brown paper bag and remove a clear plastic vial which contained a white powder which appeared to be the substance known as

"crack", a form of cocaine. After displaying the vial of crack to the occupant of the vehicle, and after observing the approach of the officer, the defendant placed the vial back into the paper bag, and began to walk away, concealing the bag underneath his coat. The officer then identified himself, ordered the defendant to stop, and reached into the defendant's overcoat. This search yielded 11 plastic vials which contained what appeared to be crack, and the defendant was thereupon placed under arrest.

The arresting officer possessed expert knowledge of the customs of drug dealers and the usual appearance and packaging of their product. Based on his previous experience, this officer unquestionably had probable cause to believe that the white substance contained in the clear plastic vial offered by the defendant to a passing motorist was in fact crack or some other narcotic drug. Recognizing the reliability of the judgment exercised by veteran police officers in the context of similar situations, we have frequently held that probable cause to arrest exists when the officer in question personally observes the defendant in possession of either a clear vial or a glassine envelope containing a white powder or substance under circumstances which reveal that the substance in question has been, or is about to be, sold (see, People v Mariner, 147 AD2d 659, 660; People v Burke, 146 AD2d 706, 707; People v Mann, 143 AD2d 200, 201; People v Robinson, 133 AD2d 473; see also, United States v Rosario, 638 F2d 460). The clear plastic vial is, like the small glassine envelope, the "hallmark of an illicit drug exchange" (People v McRay, 51 NY2d 594, 604; see also, People v Alexander, 37 NY2d 202, 203; People v Corrado, 22 NY2d 308, 313; People v Bittner, 97 AD2d 33, 37). In order to have probable cause to arrest, it is not necessary for the officer to observe an actual exchange of the vial or glassine envelope for cash (People v Eldridge, 103 AD2d 470; People v Greenridge, 131 AD2d 303, 304). Nor do we believe that it is always necessary to prove that the defendant was present in a so-called "drug prone" location.

Considering that it is relatively uncommon for the dispensing of legitimate medications to occur through the window of a car stopped in the middle of the street, and considering that the defendant's concealment of the clear plastic vial immediately upon his detection of the arresting officer's presence offers additional evidence of guilt, we conclude that the officer was fully justified in believing that the white substance which he observed in the possession of the defendant was in fact illegal contraband rather than some legitimate substance.

There was, in short, probable cause to arrest the defendant at the time that the evidence which was the subject of the defendant's motion to suppress was seized. It is immaterial that the seizure of this evidence occurred immediately before, rather than simultaneously with, the formal arrest *(see, People v Landy,* 59 NY2d 369, 377; *People v Evans,* 43 NY2d 160, 166).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Thompson, Bracken and Rosenblatt, JJ., concur.