■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McLEOD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Di Tucci, J.), rendered January 15, 1987, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At the suppression hearing, Police Officer Kenneth Igel testified that at a location known to be the site of narcotics-related activity, he observed an individual giving the defendant money followed by the defendant removing from his pocket a glassine envelope. When the officer approached these two individuals, the buyer walked away. The officer then approached the defendant, asked him what he was doing, and then reached into the defendant's jacket pocket and removed a larger envelope containing several smaller glassine enve-

lopes in which there were narcotics. Officer Igel thereupon arrested the defendant.

On appeal, the defendant contends that the officer did not have probable cause to arrest him, and therefore that the evidence should have been suppressed. We do not agree. The officer's testimony was credible and the exchange of money, coupled with the observance by the officer of a glassine envelope, provided the requisite probable cause needed to arrest the defendant, particularly so in light of the fact that this officer was well aware that the area had been the site of narcotics-related activity *(see, People v McRay,* 51 NY2d 594; *People v Goggans,* 155 AD2d 689). Since there existed probable cause to arrest the defendant at the time the evidence was obtained, "[i]t is immaterial that the seizure of this evidence occurred immediately before, rather than simultaneously with, the formal arrest" *(People v Goggans, supra,* at 691; *see also, People v Landy,* 59 NY2d 369; *People v Evans,* 43 NY2d 160).

The remaining contentions raised by the defendant, including his claim that his sentence was excessive, have been considered and we find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.