■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 12, 1986, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

At the suppression hearing, Police Officer Paulo testified that after receiving two radio transmissions regarding a burglary which described the intruder as a white male with curly dark hair, approximately 5 feet 9 to 5 feet 10 inches tall, wearing dark pants and a blue jacket, carrying a blue and brown canvas camera bag, he proceeded to the train station which he thought would be the suspect's likely point of egress from the area where the crime had occurred. Upon arriving at the train station he observed the defendant, who matched the description perfectly, aside from the fact that his coat was being worn inside out and appeared white with blue trim. Not only was the defendant carrying a blue and brown camera bag, but the officer noticed that he was sweating profusely and that he had twigs and sticks in his hair. Officer Paulo then

restrained the defendant and after observing a bulge in his pocket reached in and discovered 26 pieces of jewelry. The defendant was placed under arrest and transported to the police station.

Based upon the totality of the circumstances known to the arresting officer, as well as the fact that the defendant matched the description of the suspect almost perfectly, the officer had probable cause to arrest the defendant *(see, People v Rivera,* 142 AD2d 742). Since there existed probable cause for the arrest at the time the physical evidence was obtained, " '[i]t is immaterial that the seizure of the evidence occurred immediately before, rather than simultaneously with, the formal arrest' " *(People v McLeod,* 161 AD2d 671).

We have considered the defendant's remaining contentions and find that they do not warrant reversal. Thompson, J. P., Brown, Kunzeman and Eiber, JJ., concur.