■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 19, 1989, convicting him of criminal possession of a controlled substance in the seventh degree, after a non-jury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On appeal the defendant contends that the Police Officer did not have probable cause to arrest him, and therefore that the evidence should have been suppressed. We do not agree. The police officer testified that while he was sitting in his parked vehicle, in an area which had a high incidence of narcotics trafficking, the codefendant approached him and asked him if he "wanted anything". After the officer indicated that he wanted to purchase drugs, the codefendant walked across the street to where the defendant stood. The defendant then produced a plastic packet, which the officer identified as a container commonly used to hold controlled substances. This testimony, when combined with the officer's experience, established probable cause for the defendant's arrest and the search incident thereto *(see, People v McRay,* 51 NY2d 594,

603-604; *People v McLeod,* 161 AD2d 671; *People v Alvarez,* 160 AD2d 885; *People v Goggans,* 155 AD2d 689).

The defendant's contention regarding his representation at trial is meritless. The evidence, the law and the circumstances of this case, when viewed in their totality as of the time of the representation, indicate that trial counsel provided meaningful representation *(see, People v Baldi,* 54 NY2d 137). "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800; *see also, People v Sullivan,* 153 AD2d 223, 227). We find that the strategies employed by counsel were reasonable. The tactic of stipulating to the fact that cocaine and marihuana were the substances found in the plastic bag was a prudent strategy, reasonably designed to avoid lengthy testimony by the police chemist which might have emphasized in the mind of the trier-of-fact the quantity and quality of the contraband recovered *(see, People v Cox,* 146 AD2d 795, 796). Further, a waiver of an opening and closing statement "is not necessarily indicative of ineffective legal representation" *(People v Aiken,* 45 NY2d 394, 400).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur.