■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRY O. ROBERTS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered January 22, 1990, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we conclude that

the hearing court properly denied his motion to suppress the plastic bag containing drugs which was seized by an undercover police officer. At a *Mapp* hearing, the undercover officer, a 10-year veteran of the Freeport Police Department, testified that on February 10, 1988, he was assigned to an undercover narcotics investigation at the Moxey Rigby Federal Housing project. At approximately 2:30 P.M., the officer was standing in the first floor hallway when he observed four men running up the steps from the ground level of the apartment building. The defendant, the last of the four men running past the officer, was carrying a clear plastic bag containing a white powdery substance in his right hand. The officer reached for the defendant's wrist but was unable to grab the bag. The defendant continued running up the stairs towards the second floor when the undercover officer saw him drop the plastic bag on the floor, as several more police officers descended the steps from the floor above. The officer picked up the bag and placed the defendant under arrest.

We find that the defendant's conduct in discarding the plastic bag containing cocaine was not prompted by any improper police action *(see, People v Carrington,* 174 AD2d 572). In addition, the testimony of the officer, an experienced undercover investigator, about his observations was sufficient to establish probable cause for the defendant's arrest *(see, People v Brown,* 175 AD2d 210).

The sentence imposed by the trial court did not constitute an improvident exercise of discretion, and we decline to reduce it in the exercise of our interest of justice jurisdiction *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, O'Brien and Ritter, JJ., concur.