■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. BROWN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered December 19, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the police lacked probable cause to arrest him. Police Officer LoPiccolo testified at the suppression hearing that he observed the defendant in a high-crime area display a small plastic bag to a woman and tell her "it costs you five dollars". Officer LoPiccolo radioed this information to his partner, who was in a patrol car one block away. As the patrol car slowly drove towards the defendant with its siren and lights off, the defendant dropped the bag on the ground, turned, and started walking away. Officer LoPiccolo recovered the bag and found a vial containing a substance he recognized as crack cocaine. The defendant was then arrested and six vials of crack cocaine were found in his pocket.

The discarding of the bag was not in response to any unlawful conduct by the police officers *(see, People v McCants,* 175 AD2d 847; *People v Williams,* 123 AD2d 652). By dropping the plastic bag and walking away, the defendant abandoned it *(see, People v McCants, supra; People v Thomas,* 161 AD2d 1167; *People v Kosciusko,* 149 AD2d 620). After he recovered

the bag and found that it contained a vial of crack cocaine, Officer LoPiccolo plainly had probable cause to arrest the defendant *(see, People v Green,* 168 AD2d 457; *People v Mc-Leod,* 161 AD2d 671).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant intended to sell the vials of crack cocaine. Any inconsistencies in Officer LoPiccolo's testimony merely raised issues of credibility. The resolution of the issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94; *see also, People v Nieves,* 143 AD2d 229; *People v Storm,* 114 AD2d 477). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [2]). Bracken, J. P., Sullivan, Harwood and Lawrence, JJ., concur.