THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL STEWART, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the People failed to establish a sufficient chain of custody with

respect to the paper napkin seized from defendant's vehicle. The record provides reasonable assurances of the identity and unchanged condition of the evidence (see, People v Julian, 41 NY2d 340, 343). Therefore, any deficiencies in the chain of custody affect only the weight of the evidence, not its admissibility (see, People v Julian, supra, at 344; People v Donovan, 141 AD2d 835, 837, lv denied 72 NY2d 1044; People v Piazza, 121 AD2d 573, 574, lv denied 68 NY2d 916). Further, in light of the overwhelming evidence of guilt, we conclude that any error in admitting the napkin into evidence was harmless (see, People v Crimmins, 36 NY2d 230, 240).

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), we conclude that the proof was sufficient to support defendant's conviction of criminal possession of a controlled substance in the fourth degree.

The People concede that during summation the prosecutor improperly commented on defendant's failure to call his parole officer as a witness (see, People v Harris, 35 NY2d 665). In the context of the entire summation, however, that isolated remark was harmless (see, People v Morgan, 66 NY2d 255, 259).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Oneida County Court, Buckley, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.