■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON ARCHIBALD, Appellant. [595 NYS2d 820] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 31, 1990, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in

the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pesce, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in denying the branch of his omnibus motion which was to suppress the vials of crack cocaine which were recovered from a paper bag that the defendant threw to the ground when he saw a police officer approaching. The officer had probable cause to arrest the defendant, as the defendant's physical appearance substantially matched the description of the suspect given by the undercover police officer, and the defendant was at the scene of the crime minutes after the crime occurred (see, People v Javier, 175 AD2d 182). Since the officer had probable cause to arrest the defendant, it is immaterial that the seizure of the paper bag containing the vials of crack cocaine " 'occurred immediately before, rather than simultaneously with, the formal arrest' " (People v McLeod, 161 AD2d 671, 672, quoting People v Goggans, 155 AD2d 689, 691). The mere fact that the police may have failed to investigate another possible suspect does not require a contrary result (see, e.g., People v Corso, 135 AD2d 551, 554; People v Fabian, 126 AD2d 664). In any event, as the officer's initial approach toward the defendant was proper, the defendant's act of dropping the paper bag to the ground constituted an abandonment (see, People v Brown, 186 AD2d 142; People v Boone, 183 AD2d 721; People v Eldridge, 178 AD2d 609). Balletta, J. P., Eiber, Ritter and Santucci, JJ., concur.