■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN CHARLES, Appellant. [636 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered April 4, 1994, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied suppression of a gun recovered from the defendant as the product of an unlawful search. At the Mapp hearing, Police Officer Brian Gilroy testified that on July 31, 1993, at approximately 4:15 A.M., he and his partner, Officer Eileen Barry, received a radio communication concerning a "dispute with a gun". The gun-wielding suspect was described as a black male with a moustache and beard, wearing green nylon pants, white sneakers, and a black hat. The officers arrived at the specified location in about "two minutes" and were told by the female complainant that the suspect was an acquaintance who had knocked on her apartment door, pulled out a gun, dragged her out to the sidewalk, and held her there for 10 minutes before slapping her in the face and leaving the scene on foot. The complainant further stated that the suspect did not live in the area.

Consequently, at approximately 4:22 A.M., the officers took the victim to the closest subway station to look for the suspect. Upon arriving at the station, the officers left the complainant in the police vehicle and descended the stairway leading to the

subway platform. When the officers got to the platform at approximately 4:26 A.M., the defendant was the only person on the platform and he fit the description provided by the complainant. The officers thereupon approached the defendant and Officer Barry patted him down. Officer Barry recovered a handgun from a black, zippered pouch around the defendant's waist, handcuffed him, and took him into custody. Significantly, since Officer Gilroy was the only police witness to testify at the *Mapp* hearing, it was not evinced that Officer Barry felt the handgun in the zippered pouch before she opened the pouch and found the weapon.

Based upon the totality of the circumstances known to the police officers, the fact that the defendant matched the specific description provided by the complainant, and the close spatial and temporal proximity of the arrest to the crime, we find that the police had probable cause to arrest the defendant at the time Officer Barry retrieved the handgun gun from the pouch *(see, People v Green,* 168 AD2d 457, 458). Because the police had probable cause to arrest the defendant at the time the handgun was seized, "[i]t is immaterial that the seizure of this evidence occurred immediately before, rather than simultaneously with, the formal arrest" *(People v Goggans,* 155 AD2d 689, 691).

The defendant's remaining contentions are without merit. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.