FOURTH DEPARTMENT, FEBRUARY, 1997

(February 7, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WADE, Appellant. [653 NYS2d 773] —Judgment affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his suppression motion. A police investigator testified at the suppression hearing that, during a one-hour period, he observed defendant engage in "hand-to-hand" transactions with four people, one of whom was a confidential informant. The investigator further testified that, although he did not see what defendant handed to those people, he observed defendant receive money from them in return. The investigator's observations, which were communicated via police radio to the arresting officers, provided probable cause to believe that defendant had sold or possessed a controlled substance (*see, People v Schlaich*, 218 AD2d 398, *lv denied* 88 NY2d 994; *People v Graham*, 211 AD2d 55, *lv denied* 86 NY2d 795). Thus, the search of defendant's clothing, which yielded a film capsule containing crack cocaine, was permissible as a

search incident to a lawful arrest (*see, People v Owens,* 155 AD2d 696). Because the police had probable cause before searching defendant, it is immaterial that the search immediately preceded the formal arrest (*see, People v McLeod,* 161 AD2d 671, 672; *People v Goggans,* 155 AD2d 689, 691).

Finally, in light of the fact that defendant signed a consent-to-search form, we decline to disturb the court's determination that defendant voluntarily consented to the search of his apartment. The testimony of defendant that the police tricked him into signing the consent form presented a credibility issue for the suppression court, which had the "particular advantage of having seen and heard the witnesses" (*People v Williams,* 202 AD2d 976, *lv denied* 83 NY2d 916). Furthermore, the counts of the indictment involving drugs found in the apartment were dismissed when defendant pleaded guilty to the count involving drugs found on his person.

All concur, Wesley, J., not participating. (Appeal from Judgment of Onondaga County Court, Brunetti, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.