■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE MILLER, Appellant. [662 NYS2d 886] —Judgment

unanimously affirmed. Memorandum: County Court properly denied the motion to suppress physical evidence seized following defendant's arrest. The contention of defendant that the police lacked probable cause for his arrest is meritless. Where an arresting officer lacks personal knowledge sufficient to establish probable cause, an arrest will nevertheless be lawful if the officer " 'acts upon the direction of or as a result of communication with' " a fellow officer or another police department with the requisite probable cause (*People v Ramirez-Portoreal*, 88 NY2d 99, 113; *People v Maldonado*, 86 NY2d 631, 635). In this case, the victim of a menacing charge informed a police officer that defendant had pointed a gun at her and threatened to harm her, that defendant had fired the handgun in an unrelated incident a few days before, and that defendant always had the handgun on his person or nearby. Based on that information, the investigating officer had probable cause to believe that defendant had committed the crime of menacing (*see, People v Motter*, 235 AD2d 582, *lv denied* 89 NY2d 1038; *People v Lee*, 229 AD2d 504, 505, *lv denied* 89 NY2d 925). The investigating officer prepared an arrest warrant application and distributed a departmental memorandum and accompanying profile of defendant stating that a warrant application was pending for the arrest of defendant on a menacing charge and that defendant was in possession of a handgun. Defendant was arrested by fellow officers who had read the memorandum and profile of defendant. Because the investigating officer had probable cause to arrest defendant, the arresting officers are deemed to have had probable cause (*see, People v Ramirez-Portoreal, supra*, at 113; *People v Maldonado, supra*, at 635; *People v Rosario*, 78 NY2d 583, 589, *cert denied* 502 US 1109). Moreover, defendant's flight upon observing the officers approach provided additional justification for the arrest (*see, People v Corbriette*, 199 AD2d 204, *lv denied* 83 NY2d 803; *People v Tidwell*, 122 AD2d 289).

Defendant contends that, because the People failed to establish a chain of custody with respect to his clothing, the court erred in admitting the clothing into evidence. We disagree. Although the chain of custody was broken, the People's proof provided reasonable assurances that the clothing was the same as that recovered from defendant and that its condition was unchanged (*see, People v Julian*, 41 NY2d 340, 342-343; *People v Moyer*, 186 AD2d 997, *lv denied* 81 NY2d 844). Thus, the deficiency in the chain of custody affects only the weight of the evidence, not its admissibility (*see, People v Stewart*, 187 AD2d 1028, 1029, *lv denied* 81 NY2d 893).

We further conclude that defendant's sentence is not unduly

harsh or severe. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.