■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON SMITH, Appellant. [678 NYS2d 841] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of two counts of criminal possession of weapons in the third degree

(Penal Law § 265.02 [1], [4]) and one count of prohibited use of weapons (Penal Law § 265.35 [3] [a]). He was sentenced as a second violent felony offender to concurrent, indeterminate terms of imprisonment of 2½ to 5 years on each count. However, because prohibited use of weapons is a class A misdemeanor, we modify the sentence imposed thereon to a concurrent, definite term of imprisonment of one year (*see*, Penal Law § 70.15 [1]; § 265.35 [3]).

Supreme Court properly denied the motion to suppress the gun seized from defendant and the evidence of his identification. The People presented the testimony of Officer Hyland, who observed defendant fire a handgun into the air during an argument over a dice game. Hyland was only 15 feet from defendant, and the street was illuminated by street lights. Hyland immediately broadcast a description of defendant over the police radio and observed defendant leave the scene on a bicycle. Officer MacFall testified that he heard the broadcast and drove to the vicinity of the crime scene in a police car. He observed defendant, who closely matched the description of the fleeing suspect, standing beside a bicycle in a parking lot. According to Hyland's broadcast, the suspect had pulled the gun from his waistband. As MacFall approached, defendant reached toward his waistband, then turned and ran. MacFall chased defendant and tackled him, and a gun fell to the ground. Hyland arrived on the scene, saw defendant being held down by fellow officers, and identified defendant. The record supports the court's determination that the People met their burden of establishing probable cause for defendant's arrest (*see*, *People v Dodt*, 61 NY2d 408, 415). Hyland's observation of defendant's conduct that evening provided probable cause to conclude that defendant had committed a crime (*see*, *People v Carrasquillo*, 54 NY2d 248, 254; *People v Wade*, 236 AD2d 777, *lv denied* 89 NY2d 1016; *see also*, *People v De Bour*, 40 NY2d 210, 223), and Hyland's radio broadcast furnished the requisite probable cause for defendant's apprehension and arrest by MacFall (*see*, *People v Miller*, 242 AD2d 896, *lv denied* 91 NY2d 876; *People v Ocasio*, 241 AD2d 933, 934, *lv denied* 90 NY2d 908). Where an arresting officer lacks personal knowledge sufficient to establish probable cause, an arrest will nevertheless be lawful if the officer " 'acts upon the direction of or as a result of communication with' " a fellow officer or another police department possessed of such probable cause (*People v Ramirez-Portoreal*, 88 NY2d 99, 113; *see*, *People v Maldonado*, 86 NY2d 631, 635).

We have examined defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of

Supreme Court, Monroe County, Mark, J.—Criminal Posses-
sion Weapon, 3rd Degree.) Present—Denman, P. J., Green,
Pigott, Jr., Callahan and Boehm, JJ.