■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMGOD THOMPSON, Appellant. [751 NYS2d 921] —Appeal from a judgment of Wayne County Court (Kehoe, J.), entered April 10, 2001, convicting defendant after a jury trial of, inter alia, burglary in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of crimes arising from a "home invasion" robbery. County Court properly denied defendant's motion to suppress evidence obtained by the police as the result of a stop of a vehicle in which defendant was a passenger. The police officer was justified in stopping the vehicle based upon a reasonable suspicion that defendant and his companions had attempted to commit an unrelated convenience store robbery on the night of the home invasion (*see People v Davis,* 202 AD2d 989, 990). The court's denial of defendant's severance motion did not deprive defendant of a fair trial (*see People v Green,* 225 AD2d 1077, *lv denied* 88 NY2d 879). Defendant failed to preserve for our review his contentions that the court erred in curtailing the cross-examination of a prosecution witness, refusing to strike the direct testimony of another prosecution witness, and permitting the victim to make an in-court identification of one of the codefendants. "[D]efendant may not rely on * * * objection[s] by codefendant's attorney[s] during the joint trial to preserve [those] issue[s]" (*People v Greening,* 254 AD2d 739, 739, *lv denied* 92 NY2d 1032). We reject defendant's contention that the verdict is against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). The court's *Sandoval* ruling does not constitute an abuse of discretion (*see People v Hayes,* 97 NY2d 203, 208). Defendant failed to meet his burden of establishing that his predicate felony conviction was unconstitutionally obtained (*see* CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9, 15), and thus the court properly sentenced him as a second felony offender. Further, the sentence is not unduly harsh or severe. The court properly admitted in evidence items obtained from the vehicle following its return to the owner because " 'the circumstances provide reasonable assurances of the identity and unchanged condition' of the evidence" (*People v Julian,* 41 NY2d 340, 343, quoting *Amaro v City of New York,* 40 NY2d 30, 35), and "any deficiencies in the chain of custody affect only the weight of the evidence, not its admissibility" (*People v Stewart,* 187 AD2d 1028, 1029, *lv denied* 81 NY2d 893). We have examined the remaining contentions in defendant's pro se supplemental brief and conclude that none requires reversal. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.