■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA B. CRIDER, Appellant. [756 NYS2d 223] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 5, 2000, convicting him of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Pincus, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was arrested and convicted of possessing a weapon and narcotics which were found in his automobile. Before the trial, the People agreed to so-called "open file discovery." As part of that discovery, the People represented that the only statements the defendant had made were exculpatory. Thereafter, during her opening, the defendant's counsel represented to the jury, inter alia, that there would be no evidence that the defendant knew that there were any drugs in the car.

During the testimony of the People's first witness, Police Officer O'Brien, the prosecutor represented to the trial court, for the first time, that after his arrest, the defendant, in sum and substance, told Officer O'Brien, "[y]eah, I can get you more stuff like this. Would you like to work with me?" The trial court granted the defendant's application to prohibit Officer O'Brien from testifying to that statement on the People's direct case.

The defendant chose to testify. On direct examination, he testified that he did not know that the gun and narcotics were in the automobile. On cross-examination, over objection, the prosecutor asked the defendant if he had said "[Y]ou think that is a lot of cocaine? I can get you a lot more if you help me, a lot. I'll roll over on who gave me the cocaine." In response, the defendant said that it "never happened." Thereafter, the trial court granted the prosecutor permission to recall Officer O'Brien to testify in rebuttal that the defendant had indeed

made those statements. However, the next day, with the trial court's permission, and over the defense counsel's vehement objections, instead of recalling Officer O'Brien, the People called Sergeant Broughton, Officer O'Brien's supervisor, as a rebuttal witness. He testified that, while in the presence of Officer O'Brien, the defendant told him "that if [Sergeant Broughton] thought those drugs were big [the defendant] could give [Broughton] a supplier, and with that [the defendant] can give [Broughton] guns." According to Sergeant Broughton, the defendant gave him the name of the drug supplier and told him where guns could be purchased. Although he did not write the information down, he relayed the information to the Brooklyn South Narcotics Division (hereinafter Brooklyn South Narcotics). The defendant's motion for a mistrial was denied.

The People denied that any paperwork had been generated by Brooklyn South Narcotics in connection with the information provided by Sergeant Broughton. On cross-examination, the defendant's counsel was able to seriously damage the Sergeant's credibility. The trial court then recessed for the weekend. The following Monday, the defense counsel again moved for a mistrial, this time contending that the People violated their obligations under CPL 240.20 by failing to disclose the defendant's statements. The motion was denied.

The prosecutor then requested permission to call a Detective Malpica to testify as to his conversation with the defendant on the evening of the defendant's arrest, in order to repair Sergeant Broughton's credibility. In connection with the proposed testimony, at that time, the People turned over, for the first time, four pages from Detective Malpica's notebook which allegedly recorded the substance of his conversation with the defendant. Thereafter, Detective Malpica testified that on the evening of the defendant's arrest, he asked the defendant where he obtained the drugs and gun. According to Detective Malpica, the defendant replied with specificity, and Detective Malpica wrote down the source of the drugs and gun in his notebook.

The defendant contends that, inter alia, taken as whole, the admission of all of the above-mentioned statements violated his due process right to a fair trial. We agree and therefore reverse and order a new trial.

We assume for the purposes of this determination the correctness of the People's position that the admission of each of the above mentioned statements individually would not have required a reversal of the defendant's conviction. However, even so assuming, that would not end our examination of the

matter. As the United States Supreme Court stated in *Smith v Phillips* (455 US 209, 217), "[d]ue process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." Here, the confluence of the prior representations of the People that the defendant made only exculpatory statements, and the defendant's reliance thereon, combined with the subsequent late revelations of the defendant's allegedly inculpatory statements, violated the defendant's due process right to a fair trial (*see* US Const Amend V; NY Const, art I, § 6; *Smith v Phillips, supra*; *see also People v Thompson,* 71 NY2d 918; *People v Gerber,* 182 AD2d 252; *cf. People v Jenkins,* 98 NY2d 280). Therefore, the defendant is entitled to a new trial. In light of the history of this matter, we further direct that before the retrial, the People shall provide the defendant with notice of any of his statements they are aware of, whether or not they intend to use them for any purpose, including but not limited to rebuttal, at the retrial (*see* CPL 240.20 [1] [a]).

Contrary to the contention raised by the defendant in his supplemental pro se brief, the hearing court properly denied that branch of his omnibus motion which was to suppress physical evidence recovered from his automobile at the time of his arrest. The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Jakins,* 277 AD2d 328). The record clearly supports the hearing court's determination denying suppression (*see People v Charles,* 222 AD2d 688; *People v Green,* 168 AD2d 457).

In light of our determination we need not reach the defendant's remaining contentions raised in his supplemental pro se brief. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.