■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. McDOWELL, Appellant. [815 NYS2d 570]—

Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered July 8, 2002, convicting defendant, after a jury trial, of two counts of robbery in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

The court properly denied the *Mapp/Dunaway* portion of defendant's suppression motion without a hearing since the allegations in his motion papers, when considered in light of the criminal court complaint and the voluntary disclosure form, failed to raise a factual dispute requiring a hearing (CPL 710.60 [1], [3]). The criminal court complaint and voluntary disclosure form specified that defendant's arrest was based on a robbery that had taken place three days earlier. Given this information, defendant's general denial of any criminal activity "prior to" his arrest, which did not address the People's specific allegations, was insufficient to warrant a hearing (*see People v Bonnet*, 288 AD2d 161, 162 [2001], *lv denied* 97 NY2d 751 [2002]). Defendant neither denied the robbery nor asserted any other basis for suppression (*see People v Jones*, 95 NY2d 721 [2001]; *People v Mendoza*, 82 NY2d 415 [1993]). Rather than raising any issues concerning the sufficiency and accuracy of the description upon which he was arrested, defendant's moving papers stated that the clothing recovered from him at the time of his arrest "apparently matches a description given by a witness." Contrary to defendant's suggestion, the principles cited herein are not limited to "buy-and-bust" drug cases (*see People v Lopez*, 5 NY3d 753 [2005] [applying *Jones* and *Mendoza* to robbery case]).

The court properly exercised its discretion in sentencing defendant as a persistent felony offender.

Defendant's contentions concerning the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit. Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.