# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

180

KA 11-01378

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD HEARY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 21, 2011. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that the evidence is legally insufficient to support his conviction of manslaughter because the People failed to meet their burden of disproving his justification defense beyond a reasonable doubt (*see generally* § 25.00 [1]; *People v Steele*, 26 NY2d 526, 528). That contention is not preserved for our review inasmuch as defendant "did not move for a trial order of dismissal on that ground" (*People v Smalls*, 70 AD3d 1328, 1330, *lv denied* 14 NY3d 844, *reconsideration denied* 15 NY3d 778; *see generally People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19). Defendant further contends that his conviction of manslaughter is not based on legally sufficient evidence because the People failed to establish that he intended to cause serious physical injury to the victim (*see* § 125.20 [1]). Inasmuch as defendant did not renew his motion to dismiss after he presented evidence, he failed to preserve that contention for our review (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *see also People v Kolupa*, 13 NY3d 786, 787; *People v Lane*, 7 NY3d 888, 889). Defendant acknowledges that he did not preserve for our review his challenges to the legal sufficiency of the evidence, but he additionally contends that he was denied effective assistance of counsel because defense counsel failed to preserve those challenges for our review. That contention lacks

merit.  It is well settled that "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Harris*, 97 AD3d 1111, 1111-1112, *lv denied* 19 NY3d 1026).  Here, there was no chance that such a motion would have succeeded.

In the alternative, defendant contends that the verdict on the manslaughter count is against the weight of the evidence.  We reject that contention.  With respect to the justification defense, it cannot be said that Supreme Court failed to give the evidence the weight it should be accorded in determining that "the victim did not brandish [a gun] during the altercation and that defendant's use of deadly force was not justified" (*People v Massey*, 61 AD3d 1433, 1433, *lv denied* 13 NY3d 746; *see* Penal Law § 35.15 [2] [a]; *see e.g. People v Butera*, 23 AD3d 1066, 1068, *lv denied* 6 NY3d 774, *reconsideration denied* 6 NY3d 832; *People v Wolf*, 16 AD3d 1167, 1168).  Viewing the evidence in light of the elements of that crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not otherwise against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that the court erred in refusing to suppress his statement to the police.  "[T]he record of the suppression hearing supports the court's determination that the statements were not coerced, i.e., defendant received no promises in exchange for making the statements nor was he threatened in any way, and the court's determination is entitled to great deference" (*People v Peay*, 77 AD3d 1309, 1310, *lv denied* 15 NY3d 955; *see People v McAvoy*, 70 AD3d 1467, 1467, *lv denied* 14 NY3d 890; *see generally People v Prochilo*, 41 NY2d 759, 761).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 15, 2013                          Frances E. Cafarell
                                                  Clerk of the Court