# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**53**

**KA 11-02525**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT BAKERX, DEFENDANT-APPELLANT.

---

THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 21, 2011. The judgment convicted defendant, upon a nonjury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a joint nonjury trial with one codefendant (*People v Heary*, 104 AD3d 1208, *lv denied* 21 NY3d 943, *reconsideration denied* 21 NY3d 1016), of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree ([CPW 2d] § 265.03 [3]). Defendant contends that the evidence is legally insufficient to support his conviction of manslaughter because the People failed to meet their burden of disproving his justification defense beyond a reasonable doubt (*see generally* § 25.00 [1]; *People v Umali*, 10 NY3d 417, 425, *rearg denied* 11 NY3d 744, *cert denied* 556 US 1110). He further contends that the evidence is legally insufficient to support the conviction of CPW 2d because the People failed to establish that he did not possess the loaded weapon in his home or place of business (§ 265.03 [3]) or that he intended to use the weapon against another. Those "contention[s are] not preserved for our review inasmuch as defendant 'did not move for a trial order of dismissal on th[ose] ground[s]' " (*Heary*, 104 AD3d at 1209; *see generally People v Gray*, 86 NY2d 10, 19). We reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to move for a trial order of dismissal on those grounds. "It is well settled that '[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success' . . . Here, there was no chance that such a motion would have succeeded" (*Heary*, 104 AD3d at 1209, quoting *People v*

*Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).

Defendant further contends that the evidence is legally insufficient to support the conviction of manslaughter because the People failed to establish the element of intent to cause serious physical injury.  Although defendant preserved that contention for our review, we conclude that it lacks merit.  Such "intent may be inferred from [defendant's] conduct, the surrounding circumstances, and the medical evidence," which established that defendant shot the victim and that the bullet entered the victim through the back, piercing his right lung and aorta (*People v Wise*, 46 AD3d 1397, 1399, *lv denied* 10 NY3d 872 [internal quotation marks omitted]; *see generally People v Bleakley*, 69 NY2d 490, 495).

Although defendant further contends that Supreme Court erred in failing to consider the lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]), we reject that contention.  There is no "reasonable view of the evidence [that] would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see generally People v Glover*, 57 NY2d 61, 63).  We further conclude, upon viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Inasmuch as defendant did not join in the application of the codefendant to introduce evidence of the victim's prior bad acts, he did not preserve for our review his contention that the court erred in refusing to admit such evidence (*see People v Thompson*, 300 AD2d 1032, 1033, *lv denied* 99 NY2d 620; *People v Cook*, 286 AD2d 917, 917, *lv denied* 97 NY2d 680; *see generally People v Buckley*, 75 NY2d 843, 846).  In any event, that contention lacks merit (*see Matter of Robert S.*, 52 NY2d 1046, 1048) and, therefore, defense counsel was not ineffective in failing to make an argument that had little or no chance of success (*see Heary*, 104 AD3d at 1209; *see generally Stultz*, 2 NY3d at 287).

In his pretrial omnibus motion and supplemental motions, defendant sought suppression of his statements, physical evidence and DNA evidence contending, inter alia, that he was arrested without probable cause.  We conclude that the court properly denied the *Dunaway* branch of defendant's motions without a hearing.  "Given '(1) the face of the pleadings, (2) assessed in conjunction with the context of the motion[s], and (3) defendant's access to information,' defendant's allegations in support of his motion[s] were too conclusory to warrant a hearing" (*People v Lopez*, 5 NY3d 753, 754, quoting *People v Mendoza*, 82 NY2d 415, 426; *see People v Arokium*, 33 AD3d 458, 459, *lv denied* 8 NY3d 878; *People v McDowell*, 30 AD3d 160, 160, *lv denied* 7 NY3d 850).  In any event defendant's "written postarrest statement . . . on its face shows probable cause for defendant's arrest, and defendant failed to controvert it in his motion papers" (*Lopez*, 5 NY3d at 754).

Defendant contends for the first time on appeal that the

*Miranda* warnings given to him were defective. That contention is not preserved for our review (*see People v Tutt*, 38 NY2d 1011, 1012-1013; *People v Louisias*, 29 AD3d 1017, 1018-1019, *lv denied* 7 NY3d 814) and, in any event, it lacks merit. Although the detective issuing the warnings did not inform defendant that he would be entitled to "free" counsel if he could not afford counsel, "the *Miranda* prophylaxis does not require a 'ritualistic incantation of warnings in any particular language or form' " (*People v Snider*, 258 AD2d 929, 930, *lv denied* 93 NY2d 979). "The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda*' " (*Duckworth v Eagan*, 492 US 195, 203; *see Louisias*, 29 AD3d at 1019). Here, defendant was informed that he would receive appointed counsel if he could not afford counsel and, therefore, the warnings given to defendant reasonably apprised him of his rights.

Defendant also contends for the first time on appeal that he was denied his right to counsel because, although he was not in custody on a prior charge, he was represented by counsel on that charge and it was related to the charges for which he was in custody (*see People v Vella*, 21 NY2d 249, 251). "[T]he rule 'authorizing review of unpreserved constitutional right-to-counsel claims' has been applied 'only when the constitutional violation was established on the face of the record' " (*People v McClean*, 15 NY3d 117, 121, quoting *People v Ramos*, 99 NY2d 27, 37). Here, because "the record does not make clear, irrefutably, that a right to counsel violation has occurred, the claimed violation can be reviewed only on a post[]trial motion under CPL 440.10, not on direct appeal" (*id.*). Defendant's further contention that defense counsel was ineffective in failing to pursue that theory of suppression also involves matters outside the record on appeal and thus is properly raised by way of a CPL 440.10 motion (*see People v Rivera*, 71 NY2d 705, 709).

Defendant contends that photo arrays shown to two witnesses were unduly suggestive because of the differences in the attire of the persons depicted and in the composition of the photographs. We reject that contention inasmuch as those differences were "not sufficient to create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). For the first time on appeal, defendant also contends that the photo arrays were unduly suggestive because he was the only person with a mohawk hairstyle in both arrays. That contention was not raised in the hearing court and, therefore, is not preserved for our review (*see People v Johnson*, 306 AD2d 214, 215, *lv denied* 100 NY2d 621; *People v Berry*, 201 AD2d 489, 489-490, *lv denied* 83 NY2d 869). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's challenges to the severity of the sentence and the court's remarks at sentencing.

Entered: February 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court