# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

773
KA 14-02287
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOSEPH R. FAFONE, DEFENDANT-APPELLANT.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John Lewis DeMarco, J.), rendered June 14, 2012. The judgment convicted defendant, after a nonjury trial, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, County Court did not abuse its discretion in refusing to admit in evidence the supporting deposition of a witness who did not appear at trial inasmuch as the content of the supporting deposition was cumulative to other trial testimony (*see People v Petty*, 7 NY3d 277, 286-287).

To the extent that defendant contends that the evidence is legally insufficient to support the conviction because the People failed to disprove the defense of justification beyond a reasonable doubt, we conclude that such contention is unpreserved for our review inasmuch as defendant failed to move for a trial order of dismissal on that ground (*see People v Bakerx*, 114 AD3d 1244, 1245, *lv denied* 22 NY3d 1196). To the extent that defendant preserved his challenge to the legal sufficiency of the evidence, we conclude that the evidence is legally sufficient to support the conviction of manslaughter in the first degree (*see id.*). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

The sentence is not unduly harsh or severe.