# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1088**
**KA 12-00912**
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARCUS JACKSON, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 19, 2012.  The judgment convicted defendant, upon his plea of guilty, of failure to register as a sex offender.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by vacating the sentence of imprisonment and imposing a term of probation of three years, and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum:  Defendant appeals from a judgment convicting him, upon his plea of guilty, of failure to register as a sex offender (Correction Law § 168-f [4]).  We reject defendant's contention that the *Miranda* warnings given to him were defective and that Supreme Court therefore erred in refusing to suppress the statements he made to the police.  "In determining whether police officers adequately conveyed the [*Miranda*] warnings, . . . [t]he inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*" (*Florida v Powell*, 559 US 50, 60 [internal quotation marks omitted]; *see People v Dunbar*, 24 NY3d 304, 315, *cert denied* ___ US ___, 135 S Ct 2052).  Here, we conclude that "the warnings given to defendant reasonably apprised him of his rights" (*People v Bakerx*, 114 AD3d 1244, 1247, *lv denied* 22 NY3d 1196).  We agree with defendant that, under the circumstances of this case, the imposition of a sentence of imprisonment was unduly harsh and severe.  We therefore modify the judgment as a matter of discretion in the interest of justice by vacating the sentence of imprisonment and imposing a term of probation of three years.  We remit the matter to Supreme Court to specify the conditions of probation and, if necessary, to transfer supervision of probation to the appropriate probation department

pursuant to CPL 410.80 (1).

Frances E. Cafarell