People v McDowell (2021 NY Slip Op 06929)





People v McDowell


2021 NY Slip Op 06929


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Ind No. 2598/17 Appeal No. 14818 Case No. 2018-5742 

[*1]The People of the State of New York, Respondent,
v
Patrick McDowell, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered September 6, 2018, convicting defendant, after a jury trial, of robbery in the third degree, grand larceny in the third degree, and two counts of attempted robbery in the third degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, we find that the evidence was overwhelming. There was ample evidence proving defendant's identity, in each incident, as the person who robbed a bank and attempted to rob two others. Among other things, this evidence included eyewitness identifications, surveillance videotapes, and cell site information. Furthermore, at the time of his arrest defendant was carrying a holdup note with almost the exact wording as the note used in one of the crimes. Defendant's challenges to the force element of the two attempted robberies are unavailing, because defendant's demands for money directed at bank tellers can only be reasonably viewed as implied threats of force (see People v Woods, 41 NY2d 279, 283 [1977]).
The court providently exercised its discretion in permitting the People to prove that defendant changed his sneakers during trial after learning that they were to be photographed. On the second day of the trial, defendant came to court wearing a particular brand and style of sneakers. The prosecutor, believing that these were likely the same sneakers worn by the perpetrator in a surveillance video of the second charged attempted robbery, and the same sneakers defendant was wearing when he was arrested two days later, asked the court, in defendant's presence, to sign an order allowing her to photograph the sneakers defendant was wearing. After the luncheon recess, the prosecutor stated that the court had signed the order, but that it appeared that defendant had changed into a different brand and style of sneakers.
Following discussion of the matter, the court ruled that the assistant district attorney who was "second-seating" the trial could discontinue playing that role and testify to the facts relating to the change of sneakers. Defense counsel opposed this testimony on the ground that the People had not established that the sneakers defendant had worn in the morning were the same sneakers worn by the perpetrator of the second attempted robbery. However, only to avoid the testimony of live witnesses, defense counsel agreed to stipulate to the factual background.
The stipulation, like the proposed live testimony it replaced, was relevant to demonstrate defendant's consciousness of guilt (see e.g. People v Robinson, 287 AD2d 315 [1st Dept 2001], lv denied 97 NY2d 687 [2001]). Defendant's argument that the stipulation was improperly presented to the jury because the sneakers were not "authenticated" is misplaced. In the [*2]absence of the sneakers, or a photograph of the sneakers, there was nothing to authenticate. The issue was not authentication, but the inference that defendant displayed a consciousness of guilt, fearing that the sneakers he wore to court in the morning would be incriminating because he wore them at the time of one of his crimes. In any event, had the photograph been taken as planned, the People would not have been required to prove that the sneakers were the same, but only that they were sufficiently similar to be relevant evidence of identity (see e.g. People v Bush, 189 AD3d 643 [1st Dept 2020]; People v Alexander, 169 AD3d 571 [1st Dept 2019], lv denied 34 NY3d 927 [2019]),
Defendant did not preserve his claims that testimony about a witness's lineup identification constituted evidence of an uncharged crime, or misled the jury as to whether the witness actually made a lineup identification regarding a charged crime, and we decline to review them in the interest of justice. As an alternative holding, we find that any suggestion of a possible uncharged crime was harmless in light of the overwhelming evidence of guilt, and that the remaining claim is without merit.
The court providently exercised its discretion in sentencing defendant as a persistent felony offender, and we reject defendant's argument that he was punished for his exercise of his right to a trial (see People v Martinez, 26 NY3d 196 [2015]). Defendant has a very extensive record of violent crimes, including homicide. We also note that this Court upheld defendant's prior sentencing as a discretionary persistent felony offender (30 AD3d 160 [2006], lv denied 7 NY3d 850 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021