People v Goodwin (2022 NY Slip Op 02907)

People v Goodwin

2022 NY Slip Op 02907

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

205 KA 18-00876

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRYL GOODWIN, DEFENDANT-APPELLANT. 

MARY WHITESIDE, NORTH HOLLYWOOD, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered September 22, 2016. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]). Initially, we agree with defendant that his waiver of the right to appeal is invalid and thus does not preclude our review of any of his contentions (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Josue F., 191 AD3d 1483, 1484 [4th Dept 2021], lv denied 37 NY3d 957 [2021]).
Defendant contends that he was denied the right to counsel when, during his arraignment in Rochester City Court, that court relied on a statement made by the Public Defender that defendant was not eligible for assigned counsel. Because "the record does not make clear, irrefutably, that a right to counsel violation has occurred," defendant's contention must be raised by way of a motion pursuant to CPL 440.10 (People v McLean, 15 NY3d 117, 121 [2010]; see People v Townsend, 202 AD3d 447, 448 [1st Dept 2022], lv denied — NY3d — [2022]; People v Bakerx, 114 AD3d 1244, 1247 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]).
We have considered defendant's remaining contentions concerning the grand jury presentation, and we conclude that they do not require
modification or reversal of the judgment.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court