■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Ritter, J.), rendered April 18, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On February 26, 1984, at approximately 10:00 A.M., a State Trooper observed a disabled vehicle on the side of an interstate highway. When the operator of the vehicle was unable to produce a driver's license and only offered a Massachusetts learner's permit, the officer then positioned himself at the

front passenger area of the car whereupon he observed a green leafy substance in the rear seating area which he reasonably believed to be marihuana. This prompted the officer to advise the defendant, seated in the front passenger seat, and the two other persons that they were under arrest. One of the other occupants left the car briefly and, when he returned, he placed the upper portion of his body through the rear door and the officer next observed a brown paper bag being thrown from the car. An examination of the contents of this brown bag revealed a total of 220 glassine envelopes labeled "poison" which were determined to contain a white powder later identified as heroin with an aggregate weight of 4.88 grams. The arresting officer radioed for a backup team and another officer frisked the defendant. Two glassine envelopes were recovered from the defendant's person. One was empty and the other was later determined to contain heroin. They were both labeled "poison" as were the envelopes found in the brown bag. A search of the automobile revealed a hypodermic instrument near the front passenger seat area where the defendant had been seated.

We reject the defendant's claim of ineffective assistance of counsel. The record reveals that defense counsel argued forcefully, albeit unsuccessfully, that the contraband thrown from the car was not under the defendant's dominion and control and that he vigorously cross-examined the People's witnesses and delivered appropriate opening and closing statements. The failure to seek pretrial *Dunaway* and *Sandoval* hearings does not establish that counsel's performance was deficient. Indeed, the argument by the operator of the vehicle that the physical evidence should have been suppressed as the result of an illegal search and seizure was specifically rejected by this court *(see, People v Gill,* 138 AD2d 738, 739, *lv denied* 72 NY2d 859). To prevail on a claim of ineffective assistance of counsel for failure to make certain pretrial motions, a defendant must demonstrate the absence of strategic or other viable explanations for such failure *(see, People v Rivera,* 71 NY2d 705, 709; *People v Lawton,* 134 AD2d 454, *lv denied* 71 NY2d 1029; *People v Morris,* 100 AD2d 630). The defendant herein has made no such showing.

Addressing the defendant's other claims of ineffective assistance of counsel, we note that the tactic of stipulating to the fact that heroin was the substance found in the envelopes and that the quantity was 4.88 grams was a reasonable strategy which may have been designed to avoid lengthy testimony by two police scientists which would have highlighted in the

jury's mind the quantity and quality of the contraband recovered. Similarly, the other errors complained of are made with the benefit of hindsight and, upon our review of the record, we conclude that the defendant received meaningful representation and was not denied a fair trial *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Aiken,* 45 NY2d 394).

The defendant next contends that the People failed to establish that he shared a joint interest as well as dominion and control over the contraband recovered from the automobile. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction.

We have examined the remaining contentions asserted by the defendant and conclude that they are either unpreserved for appellate review or are without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.