■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE R. RODRIGUEZ, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 12, 1985, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree and criminal sale of a controlled substance in the third degree.

The judgment of conviction appealed here stems from three separate sales of cocaine by defendant to undercover authorities from the State Police and Drug Enforcement Administration in January 1985. Each sale involved an informant, Jose

Rosa, who agreed, as part of a plea bargain, to assist the State Police in exposing defendant as Rosa's primary cocaine supplier. Rosa initiated each transaction, originally arranging a meeting with defendant and an undercover State Police investigator, at which defendant gave the undercover investigator a small amount of cocaine as a sample of the quality that was available in larger quantities. Shortly thereafter, two sales from defendant to the undercover investigator and a Drug Enforcement Administration agent took place with the first, on January 8, 1985, involving slightly less than two ounces of cocaine. The second, on January 15, 1985, was for slightly over two pounds of cocaine and resulted in defendant's arrest.

Defendant was subsequently tried and convicted of two counts of first degree criminal sale of a controlled substance for the January 8, 1985 and January 15, 1985 sales, as well as one count each of first degree criminal possession of a controlled substance for the January 15 sale and third degree criminal sale of a controlled substance for the "sample" defendant originally gave the undercover investigator.

Defendant raises several arguments on appeal, none of which merit reversal in this instance. As to defendant's request that we dismiss his conviction for first degree criminal possession as a noninclusory concurrent offense that flows directly from the charge of criminal sale, we find the issue not properly preserved for review. Defendant failed to move to dismiss the possession count at trial or object to its submittal to the jury (see, People v Rodriguez, 126 AD2d 681, 682, lv denied 69 NY2d 885). Were we to address this issue, we would conclude that County Court's submittal of that count to the jury was a proper exercise of its discretion to submit all noninclusory concurrent counts of a multiple-count indictment (see, CPL 300.40 [3] [a]; People v Paige, 120 AD2d 808, 811, lv denied 68 NY2d 772).

We do agree, however, with defendant's assertion that the People failed to adduce sufficient evidence to sustain a conviction for first degree criminal sale of a controlled substance for the January 8, 1985 transaction. The People concede that the evidence at trial showed that the amount sold by defendant on January 8 was less than the two ounces required under Penal Law § 220.43 (1). The trial evidence was, however, sufficient to sustain a conviction for criminal sale of a controlled substance in the second degree as the amount of cocaine in question was clearly over the one-half ounce required under Penal Law § 220.41 (1). Therefore, inasmuch as criminal sale of a controlled substance in the second degree is a lesser included

offense of criminal sale of a controlled substance in the first degree *(see generally, People v Glover,* 57 NY2d 61, 63), we reduce defendant's conviction for the January 8, 1985 sale (count two of the Apr. 12, 1985 indictment) to the crime of criminal sale of a controlled substance in the second degree and remit the case to County Court for resentencing *(see,* CPL 470.15 [2] [a]; 470.20 [4]; *see also, People v Ingram,* 143 AD2d 448, 450).

Finally, regarding defendant's remaining contentions, we find that a review of the record reveals that defendant received a fair trial, was afforded effective, competent counsel, and, apart from the conviction herein reduced, was convicted on evidence legally sufficient to support a verdict that was consistent with the weight of that evidence.

Judgment modified, on the law, by reducing defendant's conviction for the January 8, 1985 sale to criminal sale of a controlled substance in the second degree; matter remitted to the County Court of Albany County for resentencing in accordance with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.