■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered November 30, 1987, convicting him of burglary in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of an incident which occurred at about noon on April 24, 1987. Two eyewitnesses observed the defendant exiting 88 Vanderbilt Avenue carrying three large plastic bags and a black pouch. The defendant walked a half-block down Vanderbilt Avenue towards Myrtle Avenue and then entered a livery cab. One eyewitness entered his own car and followed the cab. When the livery cab stopped at a red light the defendant exited it. The eyewitness approached the cab and the cab driver pointed to the defendant and stated "that's the guy". The police apprehended the defendant and both eyewitnesses identified him.

The defendant claims that his constitutional right of confrontation was violated when the trial court permitted one eyewitness to give hearsay testimony as to what the cab driver said. This contention, however, was not preserved for appellate review (see, CPL 470.05 [2]; People v Williams, 46 NY2d 1070; People v Caldwell, 147 AD2d 581; People v Keith, 136 AD2d 657; People v Cummings, 109 AD2d 748) and review in the interest of justice is not warranted under the facts at bar.

The defendant also contends that the prosecutor improperly attempted to bolster the eyewitnesses' identifications by eliciting testimony from the defendant on cross-examination that he was arrested after the eyewitnesses had identified him. Since the defense counsel did not object to the challenged testimony on the specific ground that it constituted improper bolstering, the claimed error of law is not preserved for appellate review (see, CPL 470.05 [2]; *People v West*, 56 NY2d 662). Under the circumstances, we decline to review it in the exercise of our interest of justice jurisdiction.

Similarly unpreserved for appellate review is the issue of the propriety of certain remarks made by the prosecutor during summation which is raised for the first time on appeal (CPL 470.05 [2]). Kunzeman, J. P., Kooper, Sullivan and O'Brien, JJ., concur.