■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO RODRIGUEZ, Appellant.—Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered July 14, 1989, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant contends that he received ineffective assistance of counsel based upon the fact that defense counsel stipulated to the introduction of the controlled substance at issue and the laboratory report identifying it as such into evidence. We find that defense counsel's representation of defendant met the standards enunciated in *People v Baldi* (54 NY2d 137). Where, as here, the defense is based upon a theory that the defendant was not involved in the crimes alleged, such a stipulation is a reasonable trial strategy *(see, People v Brown,* 175 AD2d 210; *People v Cox,* 146 AD2d 795). We also find that County Court did not abuse its discretion in submitting both of the noninclusory counts of the two-count indictment to the jury *(see,* CPL 300.40 [3] [a]; *People v Rodriguez,* 153 AD2d 961, *lv denied* 75 NY2d 817). Finally, in light of the serious nature of the crimes involved, we find no reason to disturb the concurrent 8⅓ to 25-year prison sentences imposed by County Court *(see, People v Harris,* 174 AD2d 836; *People v Marti,* 131 AD2d 597).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. JOHNSTON, Appellant.—Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered May 18, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant's only argument on appeal is that the 1⅓ to 4-year prison sentence he received upon the revocation of his probation was harsh and excessive. Given defendant's admitted failure to comply with the terms of his probation, including relocation to a different State without permission of County Court or the Probation Department and failure to satisfactorily comply with community service requirements or to cooperate in a substance abuse treatment program, we find no reason to disturb the sentence imposed by County Court *(see, People v Nazarian,* 150 AD2d 923, *lv denied* 74 NY2d 744).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.