■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN CORNWALL, Also Known as SHAKING BROWN, Appellant. [712 NYS2d 69] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered December 5, 1997, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminal sale of a controlled substance in the third degree (two counts).

As a result of his sale of crack cocaine to two undercover police officers in January 1997, defendant was charged with multiple counts of criminal possession and sale of a controlled substance, convicted after trial of two counts each of possession

and sale, and sentenced as a second felony offender. Primarily contending that he was denied the right to be present at a material stage of his trial because County Court refused to grant an adequate adjournment to permit him to obtain clothing to wear in court, he now appeals.

On the day that jury selection was scheduled to begin, defendant appeared in orange jail attire. Based on a representation by defendant's counsel that appropriate clothing could be obtained from a local friend later the same day, County Court adjourned jury selection to the following day to give defendant an opportunity to appear in clothing which would not reveal that he was incarcerated. The next morning, defendant again appeared in jail garb and reported that he required another one-day adjournment as he had made arrangements for clothing to be mailed to him from New York City. In the meantime, defendant's counsel had obtained a suit of poorly fitting clothes from a thrift shop. Defendant refused to wear them, but after viewing defendant in the clothing County Court opined that the clothes did not render his appearance inappropriate for jury selection. County Court then granted an additional two-hour adjournment to give defendant an opportunity to find other clothing. Defense counsel was able to obtain a jacket and a pair of pants of a more appropriate size and length, but defendant declined to be present for jury selection in the available clothing. County Court then noted that defendant had waived his right to be present and jury selection proceeded without him.

Although "the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes" (*Estelle v Williams*, 425 US 501, 512), the record here shows that defendant had the opportunity to wear clothing that was not prison garb and was noted by County Court to be appropriate. As a result, defendant was not prejudiced by the court's refusal to adjourn jury selection to afford him yet another day to obtain clothing more desirable to him (*see, People v Reid*, 137 AD2d 844, 845, *lv denied* 71 NY2d 901). Also, since defendant does not claim that he had no advance notice of the date of his trial or satisfactorily explain why he did not obtain clothing during the first adjournment, he has not shown that County Court's conduct of the proceedings deprived him of a reasonable opportunity to obtain appropriate clothing. Since County Court advised defendant of the ramifications of his failure to appear for jury selection and he nevertheless opted not to appear, "[d]efendant expressly waived his right to be present and vol-

untarily chose to be absent during the empaneling of the jury" (*People v Avent*, 185 AD2d 644, *lv denied* 80 NY2d 901).

We also find that County Court did not abuse its discretion in refusing to dismiss the noninclusory counts of criminal possession in the third degree in the interest of justice prior to submission of the charges to the jury (*see*, CPL 300.40 [3] [a]; *People v Rodriguez*, 153 AD2d 961, *lv denied* 75 NY2d 817; *People v Paige*, 120 AD2d 808, 811, *lv denied* 68 NY2d 772). As recognized in *People v Gaul* (63 AD2d 563, *lv denied* 45 NY2d 780), CPL 300.40 does not require dismissal of noninclusory counts, and this Court has found it to be within the trial court's discretion whether to dismiss or submit such counts in any particular case (*see, e.g., People v Sherman*, 250 AD2d 873; *People v Rodriguez*, 186 AD2d 838, *lv denied* 81 NY2d 765).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.