THIRD DEPARTMENT, DECEMBER, 2000

(December 7, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR A. KULAKOV, Appellant. [716 NYS2d 824] —Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (Jung, J.), rendered April 7, 1997, upon a verdict convicting defendant of four counts of the crime of criminal possession of a weapon in the third degree.

Defendant was convicted after a jury trial, during which he acted as his own attorney for jury selection, of three counts of criminal possession of a weapon in the third degree involving his possession of a loaded 9-millimeter semiautomatic pistol and one count of criminal possession of a weapon in the third degree involving his possession of a two-edged dagger. He was

sentenced to concurrent indeterminate prison sentences of $2^{1}/_{3}$[1] to 7 years and now appeals.

At about 8:30 A.M. on October 9, 1996 a mechanic at a gas station in the City of Plattsburgh, Clinton County, found a loaded 9-millimeter semiautomatic pistol on the toilet tank of the station's public restroom, brought the gun to the station owner and called the police. Shortly thereafter, the mechanic observed defendant walking around the station parking lot, patting himself, apparently looking for something. Prior to the arrival of the police, the station owner was in the restroom where the gun was found when defendant knocked on the door and asked him several times, "Where is it?" The station owner responded by asking defendant if he left a weapon in there, to which defendant responded "yes." Later, as the police officer was given the gun by the station owner, defendant approached them, the officer then observing the handle of what appeared to be a knife protruding from defendant's waistband. The officer removed a double-edged knife or dagger from defendant's waist with defendant's consent. Defendant proceeded to show the officer a bill of sale for the gun which he claimed to have purchased in Vermont for $200 and the officer determined from the resident alien card found among defendant's papers that defendant was not a United States citizen. Defendant's "fanny pack" was also found to contain bullets and ammunition clips for this type of gun and an empty holster.

The thrust of defendant's appeal is directed to the first three counts of the indictment.[2] Initially, we do not find any duplication of the charges claimed by defendant. He concedes in his brief that the three gun-related counts of his indictment are "non-inclusory" concurrent counts (CPL 300.30 [4]). Each of the three gun-related charges of criminal possession of a weapon in the third degree involves different elements[3] and it is within the discretion of the trial court whether to dismiss or submit noninclusory concurrent counts requiring the imposi-

1. The minimum sentence imposed on April 7, 1997 on counts 1, 3 and 4 of the indictment was later discovered to be illegal, these being class D violent felony offenses which require the minimum sentence to be one half of the maximum (see, Penal Law § 70.02 [4]). Defendant was resentenced on March 3, 1998 to a minimum of $3^{1}/_{2}$ years on each of those counts, concurrent with the undisturbed $2^{1}/_{3}$-year minimum sentence on count 2.

2. Count 1 involves possession of a loaded firearm (Penal Law § 265.02 [4]); count 2 involves possession of a firearm having been previously convicted of a crime (Penal Law § 265.02 [1]; § 265.01 [1]); and count 3 involves possession of a dangerous or deadly weapon while defendant was a resident alien of the United States (Penal Law § 265.02 [1]; § 265.01 [5]).

3. See footnote 2.

tion of concurrent sentences (which were imposed here) in a particular case, which discretion we have consistently declined to disturb (*see*, CPL 300.40 [3] [a]; *People v Cornwall*, 274 AD2d 744; *People v Rodriguez*, 153 AD2d 961, *lv denied* 75 NY2d 817; *People v Paige*, 120 AD2d 808, *lv denied* 68 NY2d 772) and find no reason to do so here.

Furthermore, our review of the record reveals that the People established all the elements of the crime of criminal possession of a weapon in the third degree necessary for defendant's conviction on each count. We find that there was present a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Williams*, 84 NY2d 925, 926; *People v Contes*, 60 NY2d 620, 621). As to count 2, we note that defendant admitted that he was convicted of a misdemeanor in Vermont, that Penal Law § 10.00 (6) defines a crime as a misdemeanor or a felony and Penal Law § 265.02 (1) refers only to a previous conviction of *any crime* not imposing the additional requirement that defendant's previous conviction arise in this State. With regard to the element of possession, County Court properly included in its charge to the jury the statutory definition of possession, Penal Law § 10.00 (8), and on the facts in this record, the jury was well within its province accepting the People's proof of possession and rejecting defendant's incredulous claim that he never possessed the 9-millimeter semiautomatic pistol but was merely seeking to recover his lost gun which he had not yet found at the time of his arrest. The jury is able to accept or reject all or part of any testimony (*see, People v Rose*, 215 AD2d 875, 876, *lv denied* 86 NY2d 801) and according due deference to the jury's determination of credibility (*see, People v Bleakley, supra*; *People v Pugh*, 246 AD2d 679, 681, *lv denied* 91 NY2d 976), we find no reason to disturb its verdict.

Nor do we find any error in County Court's decision to permit defendant to exercise his right to proceed *pro se* guaranteed by NY Constitution, article I, § 6 (*see, People v Rosen*, 81 NY2d 237, 243) notwithstanding defendant's lack of legal expertise (*see, People v Silvers*, 68 NY2d 957). The record reflects that County Court conducted a searching inquiry to ensure that defendant acted knowingly and voluntarily and was aware of the dangers and disadvantages of self-representation (*see, People v Vivenzio*, 62 NY2d 775, 776; *People v Schoolfield*, 196 AD2d

111, 115, *lv dismissed* 83 NY2d 858, *lv denied* 83 NY2d 915), thereby meeting the requirements for defendant's *pro se* representation set forth in *People v McIntyre* (36 NY2d 10).

Defendant's remaining arguments, including those raised in his *pro se* letter brief, are without merit and do not warrant discussion.

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.

