■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN SPENCE, Appellant. [735 NYS2d 756] —Judgment, Supreme Court, Bronx County (Robert Seewald, J.), rendered

November 3, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, and sentencing him to concurrent terms of 4 to 12 years on the sale convictions and 3 to 9 years on the possession conviction, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The evidence warranted the conclusion that the distance between the drug transaction and the school in question was accurately measured and that the 1,000-foot requirement of Penal Law § 220.00 (14) (b) and § 220.44 (2) had been met.

, Defendant's claim that the court's charge insufficiently delineated the separate elements of the crimes charged requires preservation (see, People v Robinson, 88 NY2d 1001), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the court properly instructed the jury on the elements of the crimes (see, People v Fields, 87 NY2d 821) and that the charge was not confusing and did not misstate the burden of proof. Defendant's challenge to the charge is one of form rather than substance.

We perceive no basis for reduction of sentence.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (People v Lee, 287 AD2d 299). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ. [As amended by unpublished order entered Feb. 26, 2002.]