■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GURETEZ, Appellant. [750 NYS2d 864] —Judgment,

Supreme Court, New York County (Marcy Kahn, J.), rendered October 9, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly disproved defendant's agency defense beyond a reasonable doubt (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935). There was no evidence to suggest any understanding that defendant was buying drugs for the officer, rather than selling drugs directly to the officer.

The court properly denied defendant's challenge for cause. Viewing the colloquy as a whole, we conclude that the prospective juror unequivocally stated that his views on drug trafficking would not influence his verdict, and that he would render an impartial verdict based solely on the evidence and on the law as charged by the court (*see People v Chambers*, 97 NY2d 417, 419; *People v Arnold*, 96 NY2d 358).

Defendant's claim that the prohibition against double jeopardy was violated by his conviction of both criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree is unpreserved (*People v Gonzalez*, 99 NY2d 76), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of the prohibition against double jeopardy (*see Missouri v Hunter*, 459 US 359, 366-368). We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223, *lv denied* 98 NY2d 641; *People v Kulakov*, 278 AD2d 519, *lv denied* 96 NY2d 785). Concur—Nardelli, J.P., Saxe, Sullivan, Rosenberger and Ellerin, JJ.