■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE SCARVER, Appellant. [754 NYS2d 532] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered November 16, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of 4½ to 9 years, 4½ to 9 years and one year, respectively, and order, same court and Justice, entered on or about June 26, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, unanimously affirmed.

The jury's verdict rejecting defendant's agency defense was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94). The police testimony warranted the conclusion that defendant was a participant in the drug-selling operation rather than an agent of the buyer, and the jury properly discredited defendant's testimony. Moreover, defendant's testimony, even if believed, established that his primary motivation in arranging the drug transaction was his own economic benefit (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935).

Defendant was properly sentenced as a second felony offender, and his CPL 440.20 motion to set aside the sentence was properly denied. A review of defendant's Alabama indictment clearly establishes that his conviction in that state was for the equivalent of a New York felony (*see People v Gonzalez*, 61 NY2d 586, 590-591).

Defendant's claim that the prohibition against double jeopardy was violated by his conviction of both criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree is unpreserved (*People v Gonzalez*, 99 NY2d 76), and we decline to review it in the interest of justice. Were we to review this claim, we would find no violation of the prohibition against double jeopardy (*see Missouri v Hunter*, 459 US 359, 366-368). We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223, *lv denied* 98 NY2d 641; *People v Kulakov*, 278 AD2d 519, *lv denied* 96 NY2d 785). Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.