■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL HENRY, Appellant. [766 NYS2d 551] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered May 3, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of $5\frac{1}{2}$ to 11 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification (*see People v Bleakley*, 69 NY2d 490 [1987]). The purchasing undercover officer made a reliable identification of defendant, which was corroborated by the testimony of the "ghost" officer.

The People's reverse-*Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]) was properly granted. The record supports the court's determination that the reasons provided by defense counsel with respect to her peremptory challenge of the panelist at issue were pretextual. Such a finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352, 356-357 [1991]). The panelist had expressed a reluctance to convict on the testimony of a single witness, a factor that would favor defendant.

We decline to invoke our interest of justice jurisdiction to dismiss the non-inclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Andrias, J.P., Saxe, Williams, Marlow and Gonzalez, JJ.