■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYRIL MARSHALL, Appellant. [768 NYS2d 703]—

Peters, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered August 6, 2002 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the first degree, assault in the second degree (two counts) and endangering the welfare of a child (two counts).

Defendant entered the victim's home unlawfully and, in the presence of her two young children, punched and struck her on her head, face and hand with a glass mug. When it was discovered that defendant was in Washington, D.C., a warrant for his arrest was issued and he was taken into custody. On the drive to police headquarters in the City of Albany, defendant asked one of the detectives to explain the charges filed against him. When told that he was charged with burglary and assault for hitting the victim on the head with a mug, defendant replied, "I didn't hit her. The window fell on top of her when she was throwing my clothes out the window." After a *Huntley* hearing, County Court (Breslin, J.) declined to suppress this statement. A jury found defendant guilty of all charges. Upon appeal, defendant contends that his inculpatory statement should have been suppressed, prosecutorial misconduct deprived him of a fair trial and he was denied the effective assistance of counsel because there was no objection to his appearance in court in prison attire or to the conduct of the prosecutor.

Reviewing the denial of defendant's suppression motion, we agree that, upon his arrest, the police were prohibited from questioning him in the absence of counsel (*see* CPL 120.10; *People v Samuels*, 49 NY2d 218 [1980]). However, his volunteered statements were admissible if he spoke with genuine spontaneity rather than as a result of provocation, encouragement or inducement (*see People v Rivers*, 56 NY2d 476, 480 [1982]). The manner in which defendant's statement was elicited is not in dispute; he freely spoke while being transported. With the statement not "triggered by police conduct which

should reasonably have been anticipated to evoke a declaration from . . . defendant" (*People v Lynes,* 49 NY2d 286, 295 [1980]), we find it to have been properly admitted.

Addressing defendant's ineffective assistance of counsel claim, grounded upon a failure to object to his appearance in prison attire and to the prosecutor's alleged misconduct, we find no error. "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi,* 54 NY2d 137, 147 [1981] [citations omitted]). With it settled that the state cannot compel a defendant to appear for trial in prison attire, and that no such claim was propounded here, the failure of counsel to object to defendant's appearance does not rise to ineffective assistance (*see Estelle v Williams,* 425 US 501, 512 [1976]; *People v Cornwall,* 274 AD2d 744, 745 [2000], *lv denied* 95 NY2d 933 [2000]). Nor did counsel's failure to object to the claimed misconduct of the prosecutor substantially impinge upon defendant's right to a fair trial (*see People v Curry,* 294 AD2d 608, 611 [2002], *lv denied* 98 NY2d 674 [2002]).

Finally, the claims of prosecutorial misconduct premised upon a continued reference to defendant's attire, compounded by, inter alia, insinuations that defendant was delinquent in child support payments were not preserved by timely objection (*see People v Hoke,* 276 AD2d 903, 905 [2000], *lv denied* 96 NY2d 801 [2001]). In any event, no flagrant and persuasive misconduct was shown (*see People v Jones,* 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001]; *compare People v Tarantola,* 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.