■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTURO WHYTE, Appellant. [770 NYS2d 853]—

Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered January 30, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of one year, and judgment, same court (Edward McLaughlin, J.), rendered May 3, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a second felony offender, to concurrent terms of 4¹/₂ to 9 years, unanimously affirmed.

At defendant's second trial (which followed rendition of a partial verdict at the first trial), the court properly admitted evidence of contemporaneous uncharged sales to complete the narrative of the officers' testimony, especially in light of the defense claim that defendant was merely one of the purchasers, and to establish the officers' opportunity to observe defendant and make a reliable identification (*see People v Carter*, 77 NY2d 95, 107 [1990], *cert denied* 499 US 967 [1991]). Moreover, these contemporaneous sales carried little suggestion of criminal propensity (*see People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Nardelli, J.P., Andrias, Sullivan, Ellerin and Gonzalez, JJ.