■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR MILES III, Appellant. [779 NYS2d 592]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered July 24, 2002 in Rensselaer County, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On July 28, 2001 at about 2:30 A.M., William Bowles, Jr., an undercover police officer who was conducting a "buy and bust" operation, drove on a street in the City of Troy, Rensselaer County, where he encountered defendant on a bicycle. Defendant, in conjunction with two other nearby individuals, allegedly sold crack cocaine to Bowles. According to Bowles, there were no other individuals in the vicinity and he immediately

radioed to backup officers a description of defendant and the other two individuals, one of whom he knew from a prior encounter. He then circled the block while the officers apprehended the three individuals and, within two to three minutes of the transaction, he returned and identified the three individuals. Defendant was indicted for, among other crimes, criminal sale of a controlled substance in the third degree. He was found guilty following a jury trial and was sentenced, as a second felony offender, to a prison term of 12½ to 25 years. Defendant appeals.

Defendant initially argues that Supreme Court erred in not ruling on certain issues he raised in a pro se motion that he filed while being represented by counsel. There is "no constitutional right to hybrid representation" and, thus, "the decision to allow such representation lies within the sound discretion of the trial court" (*People v Rodriguez*, 95 NY2d 497, 502 [2000]; *see People v Ferguson*, 67 NY2d 383, 390 [1986]; *People v Toland*, 2 AD3d 1053, 1056 [2003]). Defendant moved for new assigned counsel and also requested in the motion, among other things, that the indictment be dismissed as having been obtained in violation of his right to testify before the grand jury and that Bowles' on-the-scene identification of him be suppressed as the product of an illegal arrest. The court informed defendant that, other than the request for new counsel, it would not rule on the issues raised in the motion unless they were adopted by his counsel. New counsel was assigned to defendant's case and the attorney was instructed by the court on the record to review defendant's pro se motion. Thereafter, defendant's new counsel made an omnibus motion that did not include defendant's specific dismissal and suppression arguments. After review of the record, we find no abuse of discretion in Supreme Court's refusal to entertain the issues raised in the pro se motion.

Nor did his counsel's decision not to assert these issues constitute, as contended by defendant, the ineffective assistance of counsel (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). Defendant alleged only an oral request to testify before the grand jury (*see People v Colantonio*, 277 AD2d 498, 499 [2000], *lv denied* 96 NY2d 781 [2001]) and he failed to make his motion to dismiss within five days (*see People v Gonzales*, 168 AD2d 743, 744 [1990], *lv denied* 77 NY2d 906 [1991]). With regard to the circumstances surrounding defendant's arrest, while defense counsel challenged whether Bowles' identification was confirmatory (*see People v Wharton*, 74 NY2d 921 [1989]), counsel did not challenge the legality of the arrest (*see People v Gethers*, 86 NY2d 159 [1995]).

Generally, the failure "to make a particular pretrial motion . . . does not, by itself, establish ineffective assistance of counsel" (*People v Rivera, supra* at 709; *see People v Meissler*, 305 AD2d 724, 726 [2003], *lv denied* 100 NY2d 644 [2003]) and, here, there was proof that Bowles' description included (at a minimum) that there were three African-American males (one on a bicycle and one with thick glasses), the backup officers were in very close proximity (resulting in visual contact within seconds and apprehension of the three suspects in less than a minute) and there were no other individuals in the general vicinity. Under such circumstances, we are unpersuaded that defendant demonstrated "the absence of strategic or other legitimate explanations for counsel's failure to request a particular hearing" (*People v Rivera, supra* at 709).

Next, defendant asserts that the proof identifying him as the person who sold crack cocaine to Bowles was "very tenuous" and, thus, the verdict was against the weight of the evidence. If it is determined that "a verdict contrary to that reached by the jury is not wholly unreasonable, this Court must ' "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" ' " (*People v Wood*, 299 AD2d 739, 741 [2002], *lv denied* 99 NY2d 621 [2003], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). While a different verdict would not have been wholly unreasonable, after our review of the evidence in a neutral light with due deference accorded to the jury's resolution of credibility issues, we are unpersuaded that the verdict was against the weight of the evidence (*see People v Gallup*, 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]). Proof was elicited indicating that Bowles viewed defendant for a short period of time and that the street may not have been well lit where the transaction occurred. There was also evidence, however, that Bowles observed defendant from close up for at least a few seconds on two occasions during the transaction, there were street lights in the vicinity, he had received training regarding identifying individuals and had participated in prior "buy and bust" operations. In light of this evidence, the jury's decision to credit Bowles' testimony identifying defendant as the person who sold him the crack cocaine was not against the weight of the evidence.

Defendant argues that Supreme Court erred in denying his request, made after proof was closed, to display his tattoos to the jury. We find this argument unpersuasive since there was no proof that defendant's tattoos were in existence on the date of the drug transaction (*see People v Rodriguez*, 64 NY2d 738, 741

[1984]), the tattoos were—as noted by Supreme Court—plainly visible to the jury from defendant's position at the defense table and defense counsel called attention to the tattoos during summation without objection.

Finally, defendant contends that his sentence was harsh and excessive and should be reduced in the interest of justice. We cannot agree. Although defendant received the maximum sentence, he had a lengthy criminal record with over 30 arrests since 1978. Supreme Court did not abuse its discretion in imposing the maximum sentence and defendant has not shown extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v York*, 2 AD3d 1158, 1160 [2003]; *People v Green*, 270 AD2d 566, 569 [2000], *lv denied* 95 NY2d 853 [2000]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.