■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GOMEZ, Appellant. [798 NYS2d 60]—

Judgment, Supreme Court, New York County (John E.H. Stackhouse, J.), rendered February 22, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to concurrent terms of 3 to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The undercover officer had an ample opportunity to observe defendant and was able to provide a detailed description, particularly as to the specific clothing defendant was wearing. The inability of the police to find drugs or buy money during a search of defendant is easily explained by the fact that defendant had approximately 11 minutes after the sale in which to divest himself of these items.

Any error in the court's conclusion that defendant had opened the door to certain precluded evidence regarding recovered currency was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence,* 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov,* 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]).

We have considered and rejected defendant's remaining claims. Concur—Friedman, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.