■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVELL CHARLES-PIERRE, Appellant. [818 NYS2d 303]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered April 1, 2005, convicting him of unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

During the course of the trial, the defendant made an oral application to dismiss the indictment on the ground that the evidence at trial revealed that the complainant had lied to the grand jury regarding the extent of his prior knowledge of the defendant. That application was denied. The defendant now argues that the complainant's alleged lie to the grand jury impaired the integrity of the grand jury proceeding and warrants reversal. We disagree. Any omission in the complainant's testimony regarding the extent of his knowledge of the defendant, which the People claim was designed to avoid undue prejudice to the defendant regarding his alleged commission of uncharged crimes, did not materially affect or influence the grand jury's investigation into whether a prima facie case existed, and therefore does not warrant reversal (*see People v Hansen,* 290 AD2d 47, 51 [2002], *affd* 99 NY2d 339 [2003]; *People v Landtiser,* 222 AD2d 525, 526-527 [1995]; *People v Kaba,* 177 AD2d 506, 507 [1991]; *see also People v Wadsworth,* 253 AD2d 899 [1998]; *People v Taylor,* 225 AD2d 640 [1996]).

Although the trial court posed a number of questions to the defendant when he testified at trial, its participation in the proceedings did not deny the defendant a fair and impartial

trial (*see People v Bembury,* 14 AD3d 575, 576 [2005]; *People v Sevencan,* 258 AD2d 485 [1999]; *People v Watts,* 159 AD2d 740 [1990]). Moreover, any potential prejudice to the defendant was minimized by the trial court's instructions advising the jury that the court had no opinion concerning the case (*see People v Bembury, supra; People v Man Xing Guo,* 271 AD2d 700 [2000]; *People v Cuba,* 154 AD2d 703 [1989]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Florio, J.P., Crane, Ritter and Fisher, JJ., concur.