■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDI QUASHIE, Appellant. [839 NYS2d 698]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murphy, J.), rendered March 9, 2006, convicting her of attempted arson in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

By virtue of the defendant's valid waiver of her right to appeal, she forfeited review of her contention that she should have been sentenced as a youthful offender (*see People v Valentin*, 15 AD3d 424 [2005]). Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELVIN SANTOS, Appellant. [839 NYS2d 699]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered December 23, 2003, convicting him of criminal sale of a controlled substance in the third degree (three counts) and conspiracy in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of conspiracy in the third degree beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.