■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON BROWN, Appellant. [844 NYS2d 110]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered April 26, 2005, convicting him of criminal sale of a controlled substance in the third degree (four counts), criminal possession of a controlled substance in the third degree (four counts), and criminal sale of marijuana in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with possession and sale of crack cocaine and marijuana on four occasions in July and August of 2004. Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Santos,* 42 AD3d 578 [2007]; *People v Williams,* 39 AD3d 776 [2007]).

In light of the defense theory of misidentification, defense counsel's stipulation as to the chain of custody of the controlled

substance, and the testimony identifying it as such, was a tactical choice which did not give rise to a claim of ineffective assistance of counsel (*see People v Alexander,* 255 AD2d 708 [1998]; *People v Rodriguez,* 186 AD2d 838 [1992]; *People v Cox,* 146 AD2d 795, 796-797 [1989]).

Since the defendant offered no proof that he had tattoos on his arms on the date of the drug transaction, the denial of his request to display his arms to the jury in order to rebut the identification testimony was a proper exercise of the trial court's discretion (*see People v Rodriguez,* 64 NY2d 738, 741 [1984]; *People v Miles,* 8 AD3d 758 [2004]; *People v Shields,* 81 AD2d 870 [1981]). Schmidt, J.P., Fisher, Lifson and Carni, JJ., concur.