■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERIK RIVERS, Appellant. [924 NYS2d 841]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 9, 2009, convicting him of grand larceny in the third degree, criminal possession of stolen property in the third degree, resisting arrest, reckless driving, possession of burglar's tools, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's interference during his cross-examination is unpreserved for appellate review (*see People v Charleston*, 56 NY2d 886, 888 [1982]; *People v Bembury*, 14 AD3d 575, 576 [2005]). "In any event, while the court, at times, took an [active] role in questioning the defendant, its conduct did not rise to such an extent as to deny the defendant a fair and impartial trial" (*People v Bembury*, 14 AD3d at 576 [internal quotation marks omitted]; *see People v Perez*, 30 AD3d 542 [2006]; *People v Sevencan*, 258 AD2d 485 [1999]). Any potential prejudice to the defendant was minimized by the trial court's instructions advising the jury that the trial court had no opinion concerning the case (*see People v Charles-Pierre*, 31 AD3d 659, 660 [2006]; *People v Bembury*, 14 AD3d at 576).

Further, any error in permitting the prosecutor, over objection, to exceed the scope of the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Grant*, 7 NY3d 421, 424-425 [2006]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]), particularly in light of the trial court's curative instructions (*see People v Bianchi*, 34 AD3d 690 [2006]). Dillon, J.P., Belen, Sgroi and Miller, JJ., concur.