THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH McCOY, Appellant. [933 NYS2d 583]—

The defendant's challenge to the trial court's questioning during defense counsel's cross-examination of a witness is unpreserved for appellate review (*see People v Charleston*, 56 NY2d 886, 888 [1982]; *People v Rivers*, 85 AD3d 826 [2011], *lv denied* 17 NY3d 821 [2011]; *People v Bembury*, 14 AD3d 575, 576 [2005]). In any event, while the court, at times, took an active role in the questioning during cross-examination, its conduct, "measured both qualitatively and quantitatively" (*People v Yut Wai Tom*, 53 NY2d 44, 55 [1981]), did not deprive the defendant of a fair trial (*see People v Rivers*, 85 AD3d 826 [2011]; *People v Perez*, 30 AD3d 542 [2006]; *People v Bembury*, 14 AD3d at 576). Any potential prejudice to the defendant was minimized by the trial court's instructions advising the jury that the trial court had no opinion concerning the case (*see People v Rivers*, 85 AD3d 826 [2011]; *People v Charles-Pierre*, 31 AD3d 659, 660 [2006]; *People v Bembury*, 14 AD3d at 576).

The defendant's contention that the prosecutor improperly vouched for an eyewitness during his summation is without merit. The challenged remarks were responsive to defense counsel's summation (*see People v Carey*, 67 AD3d 925 [2009]). The defendant's remaining contentions that he was deprived of a fair trial by certain other remarks made by the prosecutor during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Tonge*, 93 NY2d 838, 838-839 [1999]). In any event, the challenged remarks were either fair comment on the evidence adduced at trial or responsive to defense counsel's summation (*see*

*People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Jones*, 76 AD3d 716, 717 [2010]; *People v Diaz*, 59 AD3d 459, 459-460 [2009]). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.