■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROBINSON, Appellant. [953 NYS2d 688]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTella, J.), rendered June 22, 2010, as amended June 24, 2010, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant contends that the trial court erred in denying his application to display scars on his torso and abdomen to the jury in order to rebut the identification testimony presented by the prosecution. To the extent the defendant is raising a constitutional claim, his contention is unpreserved for appellate review (*see People v Nails*, 95 AD3d 1237 [2012], *lv denied* 19 NY3d 999 [2012]). In any event, the defendant's contention is without merit, since he failed to lay a proper foundation for the admission of the subject evidence, offering no proof that the scars on his torso and abdomen existed on the date of the alleged rape (*see People v Rodriguez*, 64 NY2d 738, 741 [1984]; *People v Brown*, 44 AD3d 965 [2007]; *People v Miles*, 8 AD3d 758 [2004]). Contrary to the defendant's contention, the denial of his application to lay the foundation for the evidence with his own testimony was a provident exercise of the trial court's discretion, where he conditioned his application upon the ability to testify without being subject to cross-examination (*see People v Rodriguez*, 64 NY2d at 741).

The defendant's contention that the trial court improperly interjected itself in the proceedings and the questioning of a certain witness is without merit (*see People v Yut Wai Tom*, 53 NY2d 44 [1981]; *People v Peters*, 98 AD3d 587 [2012]). In any event, any potential prejudice to the defendant was minimized by the court's instructions advising the jury that the trial court had no opinion as to the guilt or innocence of the defendant (*see People v Rivers*, 85 AD3d 826 [2011]; *People v Charles-Pierre*, 31 AD3d 659 [2006]; *People v Bembury*, 14 AD3d 575 [2005]).

The defendant's remaining contention is without merit. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.