■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SANABRIA, Appellant. [973 NYS2d 324]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered July 13, 2011, convicting him of attempted burglary in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he did not have a license to possess a gun is unpreserved for appellate review because the defendant failed to move for a trial order of dismissal on that ground (*see* CPL 470.05; *People v Lewis,* 96 AD3d 878 [2012]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of all the counts of which he was convicted. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the trial court improperly permitted the prosecutor to cross-examine him regarding a prior uncharged crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Louis,* 99 AD3d 725 [2012]; *People v Ortiz,* 164 AD2d 872, 873 [1990]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (*see People v Grant,* 7 NY3d 421, 424-425 [2006]; *People v Crimmins,* 36 NY2d 230, 241-242 [1975]), particularly in light of the trial court's jury instructions (*see People v Rivers,* 85 AD3d 826 [2011]; *People v Bianchi,* 34 AD3d 690 [2006]).

The defendant has failed to establish that he was deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's contention that the County Court failed to comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (*see People v Jackson*, 87 AD3d 552, 553-554 [2011]; *People v Csoke*, 11 AD3d 631 [2004]; *People v Todd*, 306 AD2d 504, 505 [2003]). In any event, the County Court substantially complied with the requirements of CPL 400.21 (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]), and the court's failure to specifically ask the defendant if he wished to controvert the allegations in the predicate felony statement was harmless, since the defendant admitted the allegations in the statement, there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained, and he has not alleged any grounds to controvert it (*see People v Chase*, 101 AD3d 1141 [2012]; *People v McAllister*, 47 AD3d 731 [2008]; *People v Flores*, 40 AD3d 876 [2007]).

The defendant's remaining contention is without merit. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur.