People v Keller (2022 NY Slip Op 04563)

People v Keller

2022 NY Slip Op 04563

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2018-15166
 (Ind. No. 647/18)

[*1]The People of the State of New York, respondent,
v
Almalik Keller, appellant.

Carol E. Castillo, East Setauket, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan, Marion Tang, and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 3, 2018, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of grand larceny in the fourth degree arising from the theft of two cell phones from a store in Suffolk County.
The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon review of the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court providently exercised its discretion in admitting surveillance video footage and a still image made from that footage, as the People presented sufficient evidence that these items accurately represented the subject matter depicted (see People v Patterson, 93 NY2d 80, 84; People v Stephens, 189 AD3d 1270, 1271; People v Trowell, 172 AD3d 1112, 1113).
The defendant failed to preserve for appellate review his contention that the County Court's denial of his request for an adjournment to prepare for summation deprived him of a fair trial (see CPL 470.05 [2]). In any event, the contention is without merit (see People v Cooper, 192 AD3d 823; People v Newton, 149 AD3d 874).
Further, the defendant's contention that the County Court failed to comply with the mandates of CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (see id. § 470.05[2]; People v Ervin, 118 AD3d 910, 912; People v Gilbert, 114 AD3d 874; People v Sanabria, 110 AD3d 1010). In any event, the defendant's contention is without merit (see People v Ervin, 118 AD3d at 912).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions either are without merit or do not require reversal.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court